**STEVEN AMES BROWN**
Entertainment Law 83363
69 Grand View Avenue
San Francisco, California 94114-2741
415/647-7700 Telephone
415/285-3048 Fax
sabrown@entertainmentlaw.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DARLENE LOVE,<br><br>    Plaintiff,<br><br>    vs.<br><br>SCRIPPS NETWORKS, INC.,<br><br>    Defendant.<br>_____/ | Civil No.<br><br>COMPLAINT FOR INFRINGEMENT OF COMMON LAW RIGHT OF PUBLICITY; DEMAND FOR JURY TRIAL |

1. **Jurisdiction.** Plaintiff Darlene Love ("Love") is a citizen of the state of New York. Defendant Scripps Networks, Inc. ("Scripps") is an Ohio corporation with a principal place of business in Tennessee. The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00. This Court has diversity jurisdiction under 28 U.S.C. § 1332. Venue is proper pursuant to 28 U.S.C. § 1391(a)(1)&(2).

2. **Intradistrict Assignment.** Venue is proper in the San Francisco Division because a substantial part of the events or omissions which give rise to the claims herein alleged occurred in San Francisco County where Scripps maintains an office.

3. Darlene Love is an icon of pop music's golden age. Her distinctive voice is widely known to millions of Americans of all ages from her recordings of *He's a Rebel* (as the *Crystals*), *Zip-a-Dee-Doo-Dah* (as Bob B. Soxx & the Blue Jeans), *Alone on Christmas* for the soundtrack of the motion picture *Home Alone 2* and *Christmas (Baby Please Come Home*) which she sang on *Late Night with David Letterman's* Christmas shows for 28 years, from 1986 through 2014 and on *The View* in 2015. She is also widely known for the perennial holiday classic *It's a Marshmallow World.* She is ranked 84 on *Rolling Stone's* 100 Greatest Singers. She is a *Rock & Roll Hall of Fame* inductee. She holds a Rhythm & Blues Foundation Pioneer Award. She portrayed Danny Glover's wife in the *Lethal Weapon* motion pictures and had Broadway roles in *Leader of the Pack, Carrie, Grease* and *Hairspray*.

4. Defendant operates the "cable network" known as HGTV and promotes itself through telecast commercials touting its programming.

5. Within the statutory period of limitations Defendant produced and caused to be telecast in San Francisco and throughout America various commercials which embodied Love's identity through copying of her voice singing the song *Christmas (Baby Please Come Home*) for HGTV programming. Said appropriation was for Defendant's commercial advantage, *e.g.,* to appropriate Love's goodwill for the purpose of advertising HGTV's programming and promoting its viewership.

6. Defendant's conduct was without Love's consent.

7. As a direct and proximate result of Defendant's conduct Love was deprived of the right to control the use of her identity in connection with the advertising of goods and services and was damaged in an amount in excess of $75,000.00 for the loss of the fees she had a right to charge as a condition of her identity and goodwill being used to induce the public to watch HGTV's programming.

8. A voice does not end up in a commercial advertisement by accident.  Rather, a number of people are involved in the creation of commercials.  The voice of a famous performer, singing a famous song is selected for the express purpose of trading on the performer's goodwill.  Defendant consciously and deliberately selected Love's vocal performance of *Christmas (Baby Please Come Home)* for inclusion in multiple commercials, to promote multiple HGTV programs.

9. However, Defendant refused to take any steps to obtain Love's consent and had no reason to believe she had or would consent to such use.  Instead, Defendant took deliberate measures to evade contacting her or obtaining her permission.

10. Love and virtually every successful recording artist records with labels which are signatories to the AFTRA collective bargaining agreement commonly referred to as the "Phono Code".  Defendants knew that Love recorded *Christmas (Baby Please Come Home)* under the protection of the Phono Code.  An honest company, doing business in good faith, would not attempt to deprive Love of the benefits of the union protection and would have either signed the SAG-AFTRA Commercials Contract ("Commercials Contract") or engaged a SAG-AFTRA affiliated advertising agency so that the performer (and the background singers) would receive at minimum, the union-mandated benefits.

11. However, Defendant engages in anti-labor advertising practices and in an effort to harm Love, failed to either sign the Commercials Contract or hire an advertising agency that had signed the agreement, thereby depriving Love of the benefits of her union protection and

the associated compensation she would have received under the Commercials Contract.

12. Defendant's actions were despicable and in conscious disregard of Love's rights. Defendant turned her into an involuntary pitchman for programs of dubious quality. Defendant created multiple commercials that falsely implied to the public that Love had endorsed HGTV's programming. Defendant telecast the commercials throughout America numerous times which was likely to result in Love witnessing the appropriation of her identity on national broadcasts.

13. Defendant's actions entitle Love to an award of exemplary damages in a sum sufficient to punish Defendant and make an example of it to others.

WHEREFORE, Plaintiff prays judgment against Defendant as follows:

1. For damages in excess of $75,000.00;
2. For exemplary damages;
3. For costs of suit;
4. For such other relief as the Court may deem just;
5. Plaintiff demands a trial by jury

Dated: July 7, 2016

Respectfully submitted,

/s/

STEVEN AMES BROWN,
Attorney for Plaintiff